# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER GARZA, et al., <br><br> Defendants. | Case No.: 1:16-cv-00318-BAM (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS, (ECF No. 5), AND THE PARTIES' REQUESTS FOR JUDICIAL NOTICE, (ECF Nos. 5-2, 9) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jeremy Jamison proceeds in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff is a former inmate who brings this suit against Officers Garza and Rodriguez, Sergeant Johnson, and LCSW Veronique Bellflower, concerning events while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison, in Corcoran, California ("SATF"). Plaintiff alleges violations of the Fourteenth and Eighth Amendments and the Prison Rape Elimination Act (42 U.S.C. §§ 1561 et seq.) (hereinafter "PREA"), based on allegations of actions and inactions that lead to Plaintiff being repeatedly raped by a cellmate.

Currently before the Court is Defendants' motion to dismiss, (ECF No. 5), and request for judicial notice, (ECF No. 5-2), filed on June 6, 2016. Defendants bring their motion under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint should be dismissed without leave to

1

amend because Plaintiff's claims are barred by the statute of limitations.[1] On July 13, 2016, Plaintiff filed an opposition, (ECF No. 8) and a request for judicial notice (ECF No. 9). On July 19, 2016, Defendant filed a reply. (ECF No. 10.) Defendants' motion is deemed submitted without oral argument. Local Rule 230(l).[2]

## I. Motion to Dismiss

### A. Legal Standards

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241–42 (9th Cir. 2011). In resolving a Rule 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels–Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1986); Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels–Hall, 629 F.3d at 998.

///
///
///

---

[1] Although this motion is brought by Defendants Garza and Rodriguez, they assert that the grounds for the motion apply equally to all the named Defendants in this action.

[2] As the Court has previously advised the parties, (ECF No. 4), although Plaintiff is represented by counsel in this case, the Court will apply Local Rule 230(l) and certain other local rules concerning actions in which one party is incarcerated and proceeding in propria persona, to this action.

2

**B. Relevant Background**[3]

**1. 2010 Action**

On January 7, 2010, Plaintiff, then acting in propria persona, filed an action in the Sacramento Division of the Eastern District of California: Jamison v. Davis Enterprise Newspaper, et al., No. 2:10-cv-00124-KJM-EFB ("2010 action"). In the 2010 action, Plaintiff initially sued Davis Enterprise Newspaper, its publisher, and its assistant publisher, for showing his photo and identifying him as criminal suspect. All of the originally-named defendants were dismissed on July 19, 2010. (2010 action, ECF No. 32.)[4]

Plaintiff continued to amend his complaint to assert claims against entirely different defendants based upon entirely different facts and circumstances. On October 8, 2010, Plaintiff's second amended complaint was found to state a claim for the Eighth Amendment and First Amendment based on allegations of deliberate indifference to an asthma attack and Plaintiff's disability, and retaliation for complaints. Service was also initiated. (2010 action, ECF No. 44.)

On March 10, 2011, Plaintiff submitted a motion for injunctive relief containing allegations of repeated rapes by another inmate.[5] (2010 action, ECF No. 86). On March 14, 2011, Plaintiff submitted a motion requesting appointed counsel. (2010 action, ECF No. 93). On May 11, 2011, the court granted Plaintiff's motion, and appointed Plaintiff's current counsel, Kevin Schwin. (2010 action, ECF. No. 101).

---

[3] Plaintiff, (ECF No. 9) and Defendants, (ECF No. 5-2), each submitted a request for judicial notice, requesting that the Court take judicial notice of proceedings of the Sacramento Division of the Eastern District of California in Jamison v. Davis Enterprise Newspaper, et al., No. 2:10-cv-00124-KJM-EFB. Some portions of the requests overlap, and neither request is opposed.

The Court may take judicial notice of the court proceedings submitted. The authenticity of the proceedings is not in question, and a court may take judicial notice of its own records in other cases. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119–20 (9th Cir. 1980) (citations omitted). Accordingly, this procedural history is derived from the submitted records of those prior proceedings.

[4] Unless otherwise noted, Plaintiff's filing dates for matters he filed while incarcerated and acting in propria persona are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

[5] This filing is not dated, nor is there any proof of service provided. Thus, the date used is the date the motion was received and docketed by the Clerk of the Court.

By stipulation and order, (2010 action, ECF Nos. 121, 126), on August 3, 2011, Plaintiff filed a First Amended Complaint Through Counsel, (2010 action, ECF No. 127). Defendants then moved to dismiss the First Amended Complaint Through Counsel, and Plaintiff, in turn, filed a Second Amended Complaint Through Counsel. (2010 action, ECF No. 132). Plaintiff's Second Amended Complaint Through Counsel included allegations that various Doe Defendants, including staff at SATF, were liable because Plaintiff was raped at SATF. (2010 action, ECF No. 141).

On November 17, 2011, the Court dismissed the Second Amended Complaint Through Counsel, with leave to amend. (2010 action, ECF No. 142). On December 6, 2011, Plaintiff filed a Third Amended Complaint Through Counsel, which named Defendants Garza, Rodriguez and Johnson from this action as defendants. (2010 action, ECF No. 146). On May 8, 2012, service was initiated. (2010 action, ECF No. 154.) On March 17, 2014, Defendants Garza and Rodriguez answered the Third Amended Complaint Through Counsel. (2010 action, ECF No. 201.) On April 7, 2014, the court entered a discovery and scheduling order. (2010 action, ECF No. 203.)

On February 4, 2015, Defendants Garza and Rodriguez moved to sever the claims against them as improperly joined under Federal Rule of Civil Procedure 20(a). (2010 action, ECF No. 205.) On March 12, 2015, the court granted Defendants' motion and severed the claims against Defendants Garza and Rodriguez. (2010 action, ECF No. 215.) The court ordered that the statute of limitations would be held in abeyance for seven days to allow Plaintiff to commence a new civil action by filing a complaint regarding the severed claims. (Id.) The court further ordered that after Plaintiff commenced the new action, it intended to schedule a telephonic status conference in that case to move the matter forward. (Id. at 2 n.1.) Defense counsel also agreed to waive service of process in that new action. (Id.)

On March 30, 2016, the court granted summary judgment in favor of the defendants on Plaintiff's remaining claims in the 2010 action, (2010 action, ECF No. 241), and judgment was entered on March 30, 2016, (2010 action, ECF No. 242).

### 2. Current Action

Plaintiff did not file a new action within the seven days allowed by the court in the 2010 action's March 12, 2015 order severing the claims in that case. Instead, on March 4, 2016, nearly a

4

year later, Plaintiff filed the current action. (ECF No. 1.) As briefly noted above, Plaintiff's current action alleges that Defendants' actions and inactions wrongfully resulted in him being repeatedly raped. Plaintiff specifically alleges that Defendant Rodriguez placed Plaintiff, a male-to-female transsexual with feminine characteristics and who is mobility impaired, in a cell with an inmate who had a history of sexually assaulting cellmates. Plaintiff was raped twice, and then complained to Defendants Garza and Bellflower about the rapes. Defendant Johnson was to be notified. Nevertheless, no action was taken, and Plaintiff was again raped by the cellmate on March 5, 2011.

**C.    Discussion**

Defendants assert that when Plaintiff's claim in this case was severed from the 2010 action, the statute of limitations was held in abeyance for seven days to allow the filing of the current action. Nevertheless, this current action was filed nearly a year after the severance order was issued. According to Defendants, a two-year statute of limitations applies to Plaintiff's claims, and he is entitled to a two-year statutory tolling period. As Plaintiff's claims arose on March 5, 2011, and this action was filed on March 4, 2016, more than four years later and thus after the statute of limitations expired, the case must be dismissed. Defendants further assert that the dismissal must be with prejudice, as this defect cannot be cured by amendment.

Plaintiff opposes the motion to dismiss, arguing that this action was timely filed. According to Plaintiff, the statute of limitations was equitably tolled while the 2010 action was pending, and only began running again seven days after the court in the 2010 action issued its order severing Plaintiff's claims. Plaintiff argues that because that order was issued on March 12, 2015, the statute of limitations began to run again on March 19, 2015, and the complaint in this action was filed within the relevant statute of limitations period.

Defendants argue that Plaintiff incorrectly asserts that the pendency of the 2010 action, or any other factors, tolled the statute of limitations. Therefore, they argue Plaintiff's claim was filed after the applicable statute of limitations, and the matter must be dismissed.

**1.    Statute of Limitations and Equitable Tolling**

The parties' main dispute in this case is whether and how equitable tolling of the statute of limitations is determined here, and whether Plaintiff qualifies for such tolling in this matter. No

statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Canatella v. Van De Camp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldanado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Nonetheless, the Court recognizes that in some circumstances equitable tolling may preserve a claim that is otherwise barred by the statute of limitations by extending or suspending the accrual of the limitations period. Jones, 393 F.3d 928. In actions where the federal court borrows the state statute of limitations, courts apply the forum state's equitable tolling provisions to the extent they are not inconsistent with federal law. See Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999).

For purposes of this motion, the parties agree that Plaintiff's claims arose no later than March 5, 2011, the date of the third alleged rape. Plaintiff asserts that since Defendants Garza and Rodriguez were first identified and named as defendants in the Third Amended Complaint Through Counsel filed on December 6, 2011, within a few months after his claims arose, it was timely filed at that time. Plaintiff further argues that equitable tolling applied to toll the statute of limitations while those claims proceeded in the 2011 action, until they were severed on March 12, 2015. It is then undisputed that the current action was filed just under a year from seven days after the severance order was issued in the 2011 action. Plaintiff argues that because the total time that passed between March 5, 2011 and December 6, 2011 was a few months, and the time that passed between March 19, 2016 and the March 4, 2016 commencement of this action was less than a year, then Plaintiff was well within the four year statute of limitations period.

///

Defendants, on the other hand, argue that while equitable tolling can apply while a claim is pursued in another forum, equitable tolling does not apply when a plaintiff pursues a successive claim in the same forum. As Plaintiff's 2011 action and the instant action were pursued in the same court, Defendants argue that equitable tolling does not apply to toll the claims at issue here while Plaintiff pursued them in the 2011 action. Therefore, Plaintiff's claims are barred by the statute of limitations as a matter of law.

Thus, the Court examines California law on equitable tolling when claims are pursued in the same court, as applied under the circumstances presented here. "Under California law, equitable tolling 'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1204 (9th Cir. 2014) (quoting Addison v. State, 21 Cal.3d 313, 146 Cal. Rptr. 224, 578 P.2d 941, 943 (1978)). The requirements for equitable tolling under California law are timely notice and lack of prejudice to the defendants, and good faith conduct on the part of the plaintiff. See Addison, 21 Cal.3d at 319.

On the other hand, when a plaintiff does not pursue one remedy when several are available, but instead repeatedly pursues the same claim in the same forum, equitable tolling does not apply. See Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985, 79 Cal. Rptr. 2d 329, 334 (1998); see also Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp., 878 F. Supp. 2d 1009, 1018 (C.D. Cal. 2011) ("Accordingly, California's equitable tolling doctrine does not apply in this case because this case and Argent were filed in the same forum: this Court.")). In such circumstances, there is no reasonable or good faith pursuit of a claim in an alternative forum, nor circumstances that are necessarily out of the plaintiff's control or not of the plaintiff's own making, to support equitably tolling the statute of limitations. See Martell, 67 Cal. App. 4th at 985; see also Centaur Classic, 878 F. Supp. 2d at 1018 (contrasting repeated pursuit of a claim in one forum with pursuing can alternative administrative remedy, or pursuing a claim in state court after a federal court declined jurisdiction) (citations omitted).

Thus, a federal district court found that equitable tolling did not apply to successive actions brought under section 1983 and filed in the same federal district court. See Barrier v. Benninger, No.

C-98-0650-CAL, 1998 WL 846599, at *9–10 (N.D. Cal. Dec. 1, 1998). That court noted that the plaintiff had been pursuing the same claim in several successive actions, and had not been satisfied with the results. Id. at 9. There was "an abundance of evidence to demonstrate that [the plaintiff] was aware of that his rights had been violated and the identities of all the defendants over one-year before filing [the current] action," and yet the plaintiff delayed in doing so. Id. The federal district court reasoned that applying equitable tolling under such circumstances "would effectively allow plaintiff to prosecute his argument against these defendants in perpetuity." Id. See also Porter v. Los Angeles Cty., No. CV 15-5646 PA (AJW), 2016 WL 8732091, at *4-5 (C.D. Cal. Aug. 9, 2016) (equitable tolling did not apply because both actions were "filed in the same forum—federal court—and because plaintiff voluntarily dismissed Porter I"), report and recommendation adopted, No. CV15-5646 PA (AJW), 2016 WL 8738109 (C.D. Cal. Nov. 4, 2016).

### 2. Analysis

Under the circumstances of this case, the Court finds that equitable tolling of the statute of limitations should not apply. The 2011 action and this current action were both filed in the same forum—this court. Therefore, on those grounds alone, equitable tolling does not apply.

Even when evaluating the requirements for equitable tolling to this case, Plaintiff has not shown that it should apply here. As noted above, the court in the 2010 action severed the claims and held the statute of limitations in abeyance for seven days to allow Plaintiff to file a new action concerning the severed claims. That court also notified the parties of its intent to set a status conference in the newly filed action within a month of its order, and discussed waiver of service of process by defense counsel for the new action in its order.

Based upon the severance order, it would be reasonable for the parties to assume that the severed claims would proceed in a new action expeditiously. The events underlying the claims at issue occurred on and around March 5, 2011, four years before the severance order was issued. At that time, the court found it appropriate to briefly toll the statute of limitations so that the severed claims could be refiled and would not be time-barred. (2010 action, ECF No. 215, p. 1 (citing DirecTV, Inc. v. Leto, 467 F.3d 842, 846 (3d Cir. 2006)). In determining to only give Plaintiff seven days to commence the new action, the court was likely balancing the equities of tolling the statute of

8

limitations with the traditional concerns for implementing such statutes, including avoiding the revival of claims "that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." Elkins v. Derby, 12 Cal. 3d 410, 115 Cal. Rptr. 641, 525 P.2d 81, 86 (1974) (footnote omitted and quoting Order of R.R. Telegraphers v. Ry. Express Agency, Inc., 321 U.S. 342, 348–49, 64 S. Ct. 582, 88 L. Ed. 788 (1944)).

Plaintiff chose to forego commencing a new action within the seven days permitted by the March 12, 2015 severance order. According to Plaintiff, the reasons for delaying filing of the new action until March 2016 included: (1) that Plaintiff chose to wait until being released from prison, so that the requirements of the Prison Litigation Reform Act ("PLRA") would not apply; (2) Plaintiff thought there was no prejudice because some discovery had already commenced in the 2010 action; and (3) Plaintiff assumed equitable tolling would apply.

The Court does not find these reasons to be justified or reasonable under the circumstances. In fact, these reasons support finding a risk of prejudice to Defendants if the Court were to allow equitable tolling here. Although not explicit, Plaintiff's statement that the delay was done to avoid the requirements of the PLRA suggests a wish to avoid statutory requirements such as the mandatory exhaustion of available administrative remedies before an incarcerated person may bring a suit challenging prison conditions. 42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 532 (2002) (statutory exhaustion requirement applies to all inmate suits about prison life). Had Plaintiff filed suit within the seven days permitted in the March 12, 2015 severance order, this exhaustion requirement would have applied and may have provided Defendants an affirmative defense to the claims at issue. See Jones v. Bock, 549 U.S. 199, 211, 216 (2007). And in fact, certain claims that Plaintiff proceeded upon in the 2010 action were eventually dismissed on summary judgment for the failure to exhaust available administrative remedies. (2010 action, ECF No. 238, p. 10.)

Plaintiff's strategic decision here of delaying the filing of the current action for nearly a year until Plaintiff's release from prison for the express purposes of avoiding the requirements of the PLRA prejudices Defendants from raising any available affirmative defense for the failure to exhaust available administrative remedies. The Ninth Circuit has previously held that "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." Smith v. Lenches, 263 F.3d

972, 976 (9th Cir. 2001) (quoting <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 96-97) (9th Cir. 1996) (legal prejudice includes prejudice to some legal interest, some legal claim, or some legal argument). The loss of a potential defense qualifies. In addition, prejudice to Defendants can be presumed in the form of faded memories and stale evidence from the undue delay in Plaintiff's nearly year-long wait, without good cause, to bring this action. That some discovery may have been conducted on these claims in the 2010 action before the claims were severed does not completely ameliorate that prejudice here.

Thus, the Court cannot find a lack of prejudice to Defendants here, nor can it find good faith conduct on the part of Plaintiff, necessary to apply any equitable tolling here even if it were available in this case. Instead, the Court agrees with Defendants that this action was commenced after the statute of limitations in this case expired, and thus the claims are barred. As this defect cannot be cured through amendment, the case must be dismissed.

**II. Conclusion and Recommendation**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Additionally, for the reasons described above, it is HEREBY RECOMMENDED that Plaintiff's motion to dismiss, filed on June 6, 2016, be GRANTED, and this matter be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///

The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 28, 2017** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE